# EXHIBIT E



Bridgewater Place | Post Office Box 352
Grand Rapids, Michigan 49501-0352
Telephone 616 / 336-6000 | Fax 616 / 336-7000 | www.varnumlaw.com

**Adam J. Brody**                                                                                          Direct 616 / 336-6461
                                                                                                          ajbrody@varnumlaw.com

December 13, 2018

NORTON SHORES CITY COUNCIL                                          *Via E-Mail Only*
c/o Mr. Gary L. Nelund, Mayor
4814 Henry Street
Norton Shores, MI  49441

   **Re: *Wacker Neuson / Norton Shores***

Dear City Council Members and Mayor Nelund:

   This firm has been retained to represent Wacker Neuson Corporation (hereinafter "Wacker Neuson" or the "Company") with respect to a dispute that has arisen regarding the City of Norton Shores' attempt to recapture nearly one million dollars in tax abatements that were previously granted to Wacker Neuson.  Specifically, on or about September 19, 2018, the City of Norton Shores sent an invoice to Wacker Neuson in the amount of $966,943.65, claiming that this amount represented "the Claw Back amount calculated on what would have been taxed on the Real Property and Personal Property had the IFEs not been granted" and was purported to based on "#6 of the agreement."  We understand this comment to be a reference to the City's form Act 198 agreements underlying each of the Industrial Facility Tax exemption certificates approved by the City and issued by the State Tax Commission.  Simply put, this attempted claw back violates both the letter and the spirit of the Act 198 agreements between Wacker Neuson and the City, and the purpose of this correspondence, as well as our forthcoming appearance at the December 18, 2018 City Council meeting, is to dispute the City's attempted actions.

   At the outset, we believe that it is important to detail the history of Wacker Neuson's investment in the City over the past decade-plus.  In 2007, the Company explored the possibility of making a $7.5 million investment in the City of Norton Shores.  The proposed investment involved the construction of a 168,000 square foot manufacturing and warehouse facility as well the acquisition of $500,000 of personal property for that facility.  The Michigan Economic Development Corporation deemed the project "very important to the State of Michigan and the City of Norton Shores."  To induce this investment, the City of Norton Shores approved and the State Tax Commission issued an Industrial Facilities Tax ("IFT") exemption certificate (Certificate #2008-038) to the Company.  As part of the issuance of that Certificate, the City required the Company to execute the City's form Act 198 Agreement.  A copy of that Agreement is attached to this letter.  Generally speaking, that agreement granted certain tax savings to the Company, and it included a provision that, if the City were to lose out on the economic benefit of the expected industrial presence at the property, the City could recapture those tax savings.  The obvious purpose behind the agreement was to ensure that the City receive economic benefit from the presence of the facility in Norton Shores.

NORTON SHORES CITY COUNCIL
c/o Mr. Gary L. Nelund, Mayor
December 13, 2018
Page 2

Between the years of 2007 and 2009, the Company made a significant investment in the City of Norton Shores.  Both the scope and the timing of that investment are important to consider. Not only did the Company fulfill its commitment to construct a 168,000 manufacturing and warehouse facility in the City of Norton Shores, but it also increased its initially proposed investment from $7.5 million to approximately $9.5 million.  Moreover, the Company made this investment during the Great Recession of 2007, which began in late 2007 and lasted until at least 2009.   At a time when many businesses in the United States were struggling to maintain employment or downsizing, Wacker Neuson was making a sizable investment in the City of Norton Shores, to the direct benefit of the City and its residents.

After several additional investments in Norton Shores and the passing of almost ten (10) years, it became clear to Wacker Neuson that its Norton Shores facility was not economically sustainable for the Company.   However, even then, the Company did not abandon Norton Shores.  Rather, the Company secured another manufacturer, TGW Systems, Inc. ("TGW"), that committed not only to maintaining production and employment at the property, but also to further investing in, developing and increasing the capacities of the property.  In other words, the City is not just in the same financial position that it would have been in had the Company stayed – it is in a far better financial position.  That is a critical fact to bear in mind when analyzing the City's current actions with regard to the attempted claw back of tax savings from Wacker Neuson.

The City is well-aware of this fact, given that it not only did not revoke Wacker Neuson's original IFT exemption Certificate, but actually approved the transfer of that Certificate to TGW. Indeed, the City understands that TGW's presence at and ownership of the subject property actually places the City in a better financial position, as the City recently approved an IFT exemption for TGW  to make a further $2.5 million real estate investment at the subject property. Thus, at the end of the day, there is no question that the spirit of the Act 198 agreement has been met, and in fact exceeded, given the collective investments made by Wacker Neuson and TGW.

In addition, the letter of the Act 198 agreement prohibits the City's current actions. Norton Shores acknowledges that the attempted "claw back" of funds is based upon the parties' contract – which is the City's own form document.  Contrary to the City's position, that document does not support the City's position.  The first paragraph of the City's form document denotes that Wacker Neuson will be referred to as "The Company" within that document.  Paragraphs 1-5 of the agreement do, in fact, outline certain expectations of the Company.  However, notably absent from paragraph 6 (ironically, the very paragraph upon which the City relies for its claim that Wacker Neuson must refund its prior tax savings) is any reference to the Company.  Rather, that paragraph references "the applicant."  This paragraph was clearly intended to protect Wacker Neuson from exactly the situation it is now facing – a situation in which the underlying IFT exemption Certificate has been transferred to a new applicant.

In sum, Wacker Neuson not only fulfilled its commitment to make a substantial investment in Norton Shores, but it left the community with an operating (and growing) manufacturer/employer at the subject property.  In light of these undisputed facts, Wacker

NORTON SHORES CITY COUNCIL
c/o Mr. Gary L. Nelund, Mayor
December 13, 2018
Page 3

Neuson fully intends to take all available steps to protect and enforce its rights, including turning to the Courts for relief, if necessary. That being said, we would greatly prefer to reach an amicable, mutually beneficial resolution with the City, which would not only avoid protracted and expensive litigation, but would also help the City avoid the perception in the business community that Norton Shores is a risky place in which to make an investment.

We look forward to speaking with you further at the December 18 meeting and answering any questions that you may have.

Very truly yours,

VARNUM

Adam J. Brody

AJB/mke
Enclosure
14364737_1.docx