# EXHIBIT F

R E S O L U T I O N

WHEREAS, the City of Norton Shores by and through its City Council (herein after referred to as the City), pursuant to Public Act 198 of 1974, adopted/passed several tax exemption certificates to the Applicant/Wacker Neuson Corporation/Wacker Neuson Production America, LLC (herein after referred to as Company), and

WHEREAS, the State Tax Commission issued certificates number 2008-038,  2010-027, 2011-039, 2010-194, 2012-052, 2013-005 to the Company for land and building located within the City of Norton Shores, and

WHEREAS, MCL 207.572(1) provides that:

"A new industrial facilities exemption certificate shall not be approved and issued under this act…, unless a written agreement is entered into between the local government unit and the person to whom the certificate is to be issued, and filed with the department of treasury."

WHEREAS, the Company signed 6 "Act 198 and/or 328 Agreements" with the City of Norton Shores, and

WHEREAS, Paragraph 6 of each agreement provides:

"the applicant shall remain with the local unit during the period of time for which the abatement has been approved and, if the applicant relocates, …, the applicant shall pay to the affected taxing units an amount equal to those taxes it would have paid had the abatement not been in effect."

WHEREAS, the City was notified on March 29, 2018 that the Company would be relocating its Norton Shores offices to the state of Wisconsin, and

WHEREAS, the date of relocation was contrary to the spirit and intent of State law and agreements between the parties and, is therefore a violation of that agreement, and

WHEREAS, the City has determined that the benefits received by the Company before its relocation was $951,346.94, and

WHEREAS, the City has required that the Company pay the amount of $951,346.94, i.e., the benefits they received under the tax abatements, consistent with the law and their agreement, and

WHEREAS, the Company was afforded a public hearing before the City Council as required by Paragraph 6 of the Agreements, and

WHEREAS, after due notice and an opportunity to be heard, a public hearing was held by the City Council on December 18, 2018, and

WHEREAS, the City has reviewed and received input and recommendation's from its City Administrator, legal Counsel for the City, and legal Counsel for the Company;

NOW THEREFORE, BE IT RESOLVED that the City Council of the City of Norton Shores hereby DENIES the Company's request to have the invoice #253015 rescinded and not to pursue the recapture of the abated taxes, the benefit they received.

NOW THEREFORE, BE IT FURTHER RESOLVED that by denying this request, the City Council determines the following.

1. The Company was economically sustainable when the decision to relocate was made.
2. The subsequent transfer of the applicable certificates by the City to another third party is irrelevant to the discussion and conversation about recapturing the abated taxes.
3. The Company breached its agreements with the City.
4. The City Attorney, Douglas M. Hughes of Williams Hughes, PLLC is hereby authorized and directed to employ whatever remedy is needed, including litigation, to collect invoice # 253015 along with applicable attorney's fees, interest and statutory costs.

At a rescheduled meeting of the City Council of the City of Norton Shores, held at the Norton Shores Branch Library, 705 Seminole Road, on the 2nd day of January 2019, the foregoing resolution was moved for adoption by Council Member Moulatsiotis.  The motion was supported by Council Member Sladick.

Ayes:   Council Members Beecham, Cross, Flanders, Hylland, Jurkas, Morgenstern, Moulatsiotis, Sladick and Mayor Nelund

Nays:   None

Resolution declared adopted.

_____
Shelly Stibitz, City Clerk