UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WACKER NEUSON PRODUCTION
AMERICAS, LLC,

        Plaintiff,

v

CITY OF NORTON SHORES,

        Defendant.

Case No. 1:19-cv-00018-JTN-ESC

Hon. Janet T. Neff

---

| | |
|---|---|
| VARNUM LLP<br>Adam J. Brody (P62035)<br>Jeffrey D. Koelzer (P78602)<br>Attorneys for Plaintiff<br>333 Bridge St NW<br>PO Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>ajbrody@varnumlaw.com<br>jdkoelzer@varnumlaw.com | WILLIAMS HUGHES PLLC<br>Douglas M. Hughes (P30958)<br>Enrika L.F. McGahan (P55860)<br>John M. Karafa (P36007)<br>Attorneys for Defendant<br>120 W. Apple Avenue<br>Muskegon, MI 49440<br>(231) 726-4857<br>doughughes@williamshugheslaw.com |

## **JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for **April 24, 2019** at 2**:30 p.m**. before Hon. Judge Janet T. Neff. Appearing for the parties as counsel will be:

For Plaintiff: *Adam J. Brody*, Varnum LLP, 333 Bridge Street NW, P.O. Box 352, Grand Rapids, MI 49501-0352; Tel: (616) 336-6000.

For Defendant: *John M. Karafa,* Williams Hughes PLLC, 120 W. Apple Avenue, Muskegon, MI 49440; Tel: (231) 726-4857.

**1. Jurisdiction:**

The Court has federal diversity jurisdiction over this matter pursuant to 28 U.S.C. ¶ 1332. The parties are citizens of different states, and the amount in controversy exceeds $75,000. There are no jurisdictional objections.

2.  **Jury or Non-Jury:**

    This case is to be tried by the Court as a trier of law and fact.

3.  **Judicial Availability:**

    The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4.  **Statement of the Case:**

    **Plaintiff's Statement:**

    This lawsuit involves property taxes that were abated under an Industrial Facilities Tax Exemption certificate granted to Plaintiff by Defendant. Generally speaking, Plaintiff and Defendant entered into an agreement that provided certain tax savings to Plaintiff as an inducement to undertake operations in Norton Shores. The parties' dispute centers on the proper interpretation of that agreement, which was drafted by Defendant. In essence, the agreement provided that, if Defendant were to lose out on the economic benefit of the operation of the facility at which Plaintiff was operating before expiration of the certificate in 2020, then Plaintiff would pay to Defendant the taxes that had previously been abated.

    After Plaintiff invested millions of dollars in the facility at issue, and operated at that facility for almost 10 years, economic realities forced Plaintiff to sell the facility to another manufacturer, TGW Systems, Inc. ("TGW"), which also obtained the benefit of the remainder of the IFT exemption certificate. Importantly, Defendant did not lose out on the economic benefit of the operation of the facility as a result of this switch. Much to the contrary, TGW committed not only to maintaining production and employment at the property, but also to further investing in, developing and increasing the capacities of the property, which it did. This left Defendant in a superior financial position than it would have been in if Plaintiff had remained at the facility.

    Despite this, Defendant has demanded payment of the previously abated taxes. The contractual provision on which Defendant relies, however, does not apply, because there is still an "applicant" – now TGW – operating at the facility (and, in fact, receiving the benefit of the remainder of the IFT exemption certificate). Defendant's proffered interpretation of the agreement defies not only the language of the contract that it drafted, but also the intent behind the provision at issue. And to the degree that there is any ambiguity in the contract, it must be construed against its drafter – Defendant.

    **Defendant's Statement:**

    In or about 2007 Plaintiff, Wacker Neuson Production Americas, LLC ("Wacker"), made application for the granting of an Industrial Facilities Exemption ("IFE") Certificate for the development of property within the local jurisdiction of Defendant, City of Norton Shores ("City"). Under law each local jurisdiction affected by the IFE must approve the application.

Defendant City approved Plaintiff Wacker's application and the State of Michigan Department of Treasury issued to Plaintiff Wacker an IFE in 2008.

In consideration for the significant tax abatements Plaintiff Wacker executed an agreement with Defendant City wherein it committed, in material part, to remain with Defendant City during the period of time for which the tax abatement was approved, and if Plaintiff Wacker '*relocates, substantially reduces employment and/or operations, or closes the facility*" it would be obligated to the City in "*an amount equal to those taxes it would have paid had the abatement not been in effect."* ("Agreement")

Within the effective dates of the IFE providing tax abatements to Plaintiff Wacker it announced its decision to pull anchor and take its corporate operations elsewhere. Therefore, Plaintiff Wacker became obligated to Defendant City in an amount equal to previously abated property taxes.

In November 2018 Defendant City invoiced Plaintiff Wacker on its obligations in the amount of $951,346.94. Plaintiff Wacker has failed and refused to pay on its obligation. Plaintiff Wacker has realized financial benefits of the Agreement and now attempts to raise points in avoidance of its stated obligations to the City. Defendant City maintains that Plaintiff Wacker's claim rests on points which are neither relevant nor material to its stated obligations, and Defendant City is entitled to a declaratory judgment and a money judgment in favor of Defendant City representing its monetary damages, statutory interest, and other relief in equity and under law.

5. **Prospects of Settlement:**

The parties have not engaged in substantive settlement discussions to date. However, Plaintiff remains willing to engage in settlement discussions, including but not limited to discussions conducted pursuant to a facilitative mediation.

Defendant Norton Shores is willing to explore the prospect of settlement in "off the record" discussions with Plaintiff, and at the appropriate time, to engage in alternative dispute resolution proceedings, including facilitative mediation.

6. **Pendent State Claims:**

This case does not include pendant state claims.

7. **Joinder of Parties and Amendment of Pleadings:**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by May 8, 2019.

8. **Disclosures and Exchanges:**

   (a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose that initial disclosures be submitted by each party no later than May 15, 2019.

   (b) Plaintiff expects to be able to furnish the names of its expert witness(es), if any, by June 5, 2019. Defendant expects to be able to furnish the names of its expert witness(es), if any, by July 3, 2019.

   (c) It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged pursuant to the following schedule:

   Plaintiff: by September 24, 2019.
   Defendant: by October 22, 2019.

   (d) The parties are unable to agree on voluntary production at this time.

9. **Discovery:**

   The parties believe that all discovery proceedings can be completed by October 23, 2019. The parties recommend the following discovery plan:

   Any and all lay discovery to be completed by October 23, 2019. Expert depositions, if any, can take place after the close of lay discovery, no later than 90 days before trial. The parties agree that fact witness depositions shall be limited to 10 per side (unless otherwise stipulated by the parties) and interrogatories shall be limited to 25 single part questions.

10. **Disclosure or Discovery of Electronically Stored Information:**

    The parties do not expect to have issues with electronically stored information.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production:**

    The inadvertent production of documents shall not constitute a waiver of protection under the work product doctrine or a waiver of any applicable privilege. However, the parties reserve the right to contest the evidentiary status of any such document (*i.e.* to argue that any such document is not privileged or work product).

12. **Motions:**

    The parties acknowledge that a pre−motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov.

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiff:  Plaintiff may file a motion for summary judgment on the issue of the proper interpretation of the parties' contact and whether it obligates Plaintiff to pay previously abated taxes to Defendant.

Defendant: Defendant Norton Shores contemplates the filing of a motion for summary judgment at the appropriate time on the contract terms and conditions governing Plaintiff's financial obligations to Defendant on previously abated taxes.

The parties anticipate that all pre−motion conference requests will be filed by November 20, 2019.

13. **Alternative Dispute Resolution:**

In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

The parties believe that conducting facilitative meditation after the close of lay witness discovery, in November or December 2019, will provide the best opportunity to resolve this matter.

For the local rules regarding all forms of ADR used in this district and for lists of mediators, case evaluators and arbitrators, see the Court's website at www.miwd.uscourts.gov.

14. **Length of Trial:**

Counsel estimate the trial will last approximately 6 days total, allocated as follows: 3 days for plaintiff's case and 3 days for defendant's case.

15. **Electronic Document Filing System:**

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer must submit their documents to the Clerk on paper, in a form complying with the requirement of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. **Other:**

The parties do not anticipate or know of any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case, at this time.

Dated:  April 17, 2019

/s/ Adam J. Brody
VARNUM LLP
Adam J. Brody  (P62035)
Jeffrey D. Koelzer (P78602)
*Attorneys for Plaintiff*
333 Bridge St NW
PO Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
ajbrody@varnumlaw.com
jdkoelzer@varnumlaw.com

/s/ John M. Karafa
WILLIAMS HUGHES PLLC
Douglas M. Hughes (P30958)
Enrika L.F. McGahan (P55860)
John M. Karafa (P36007)
*Attorneys for Defendant*
120 W. Apple Avenue
Muskegon, MI 49440
(231) 726-4857
doughughes@williamshugheslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF and served upon all counsel or parties of record via Electronic Notice of Filing on April 17**,** 2019.

/s/ Adam J. Brody
Adam J. Brody, VARNUM LLP

14729174_1.docx