UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

---

WACKER NEUSON PRODUCTION
AMERICAS, LLC, a Wisconsin limited
liability company,

      Plaintiff/Counter-
      Defendant,

v

CITY OF NORTON SHORES, a Michigan
Municipal Corporation,

      Defendant/Counter-

Case No. 1:19-cv-00018-JTN-ESC

**HON. JANET T. NEFF**

---

| | |
|---|---|
| VARNUM LLP<br>Adam J. Brody (P62035)<br>Jeffrey D. Koelzer (P78602)<br>Attorneys for Plaintiff<br>333 Bridge St NW<br>PO Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000 | WILLIAMS HUGHES PLLC<br>Douglas M. Hughes (P30958)<br>Enrika L.F. McGahan (P55860)<br>John M. Karafa (P36007<br>Attorneys for Plaintiffs<br>120 W. Apple Avenue<br>Muskegon, MI 49440<br>(231) 726-4857 |

---

## COUNTERCLAIM OF DEFENDANT CITY OF NORTON SHORES

NOW COMES Defendant/Counter-Plaintiff, City of Norton Shores, by and through its counsel, Williams Hughes PLLC, and for its Counterclaim against Complaint filed by or on behalf of Plaintiff/Counter-Defendant, Wacker Neuson Production Americas, LLC states:

### JURISDICTIONAL ALLEGATIONS

1.    Defendant/Counter-Plaintiff, City of Norton Shores (hereafter "*Plaintiff City*"), is a Michigan municipal corporation with its offices located at 4814 Henry Street, Norton Shores, Michigan 49441.

1

2. Plaintiff/Counter-Defendant, Wacker Neuson Production Americas, LLC is a Wisconsin limited liability company, with a principal business location at N92 W15000 Anthony Avenue, Menomonee Falls, Wisconsin 53051 (hereafter "*Defendant Wacker Corporation*").

3. The amount in controversy exceeds $75,000.

4. Jurisdiction is proper in this Court pursuant 28 U.S.C. § 1332 (a)(1), (c)(1), as the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

6. Plaintiff City incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

7. In or about 2007, Defendant Wacker Corporation applied for an Industrial Facilities Exemption Certificate for the development of industrial property within Plaintiff City's jurisdiction.

8. Defendant Wacker Corporation's development involved, among other things, the construction and operation of a manufacturing and warehouse industrial facility at 1300 E. Mt. Garfield Road, within the Plaintiff City's Plant Rehabilitation or Industrial Development District.

9. Defendant Wacker Corporation's application for an Industrial Facilities Exemption Certificate was made pursuant to Act 198 of 1974 ("Act 198").

10. By its application for the issuance of an Industrial Facilities Exemption Certificate, Defendant Wacker Corporation sought the financial benefit of ad valorem tax exemptions for its facility and personal property over a statutorily authorized time frame.

11.     Pursuant to Act 198, and upon Defendant Wacker Corporation's application and representations, and upon Plaintiff City's consideration and approval of Defendant's application, the State of Michigan Tax Commission issued an Industrial Facility Exemption Certificate (hereafter "**IFEC**"), New Certificate Number 2008-038. (**Exhibit 1- IFEC 2008**).

12.     IFEC 2008 was issued on May 12, 2008 and went into effect for twelve years, beginning December 31, 2008 and set to conclude on December 30, 2020.

13.     Pursuant to Act 198, IFEC 2008 certified Defendant Wacker Corporation's property at 1300 E. Mt. Garfield Road as a new industrial facility. MCL 207.551, et seq.

14.     Pursuant to Act 198, IFEC 2008 authorized the Plaintiff City to exempt Plaintiff Wacker Corporation's industrial facility for which the IFEC was in effect, but not the land on which the facility was located, from ad valorem taxation.

15.     IFEC 2008 was issued to be and remain in effect for twelve (12) years for real and personal property, commencing December 31, 2008, unless revoked by order of the State Tax Commission.

16.     Pursuant to Act 198, in order for Plaintiff Wacker Corporation's application for an IFEC to be approved, a written agreement governing the tax exemptions issued to Plaintiff Wacker Corporation was required between Defendant Wacker Corporation and Plaintiff City. MCL 207.572 (1).

17.     Plaintiff City and Defendant Wacker Corporation entered into agreements governing the terms and conditions of the IFEC issued to Defendant Wacker. (**Exhibit 2- "Act 198 Agreement"**).

18.     The Act 198 Agreement in part acknowledged that Defendant Wacker Corporation had submitted an application to Plaintiff City for the granting of an IFEC pursuant

3

to Act 198, P.A. 1974, as amended.

19. Defendant Wacker Corporation further acknowledged in part in its Act 198 Agreement that it was entering into the Act 198 Agreement to encourage the granting of the IFEC.

20. The Act 198 Agreement in part obligated Defendant Wacker Corporation to report to Plaintiff City at specified times regarding the number of jobs created or retained, costs for real and personal property acquisitions, and other data relating to Plaintiff City's approval of an IFEC for Defendant Wacker Corporation. See MCL 207.559.

21. The Act 198 Agreement further provided, in Paragraph 6, specific remedies to Plaintiff City in the event Defendant Wacker Corporation breached the agreement by failing to remain within the Plaintiff City's jurisdiction during the time period for which the IFEC was approved, and more particularly:

> *6. The applicant shall remain with the local unit during the period of time for which the abatement has been approved and, if the applicant relocates, substantially reduces employment and/or operations, or closes the facility, the applicant shall pay to the affected taxing units an amount equal to those taxes it would have paid had the abatements not been in effect.*

22. In breach of its material commitments under the Act 198 Agreement, Defendant Wacker Corporation closed its manufacturing facility and relocated its facility operations outside Plaintiff City's jurisdiction before expiration of the period of time for which the IFEC had been approved.

### COUNT I - BREACH OF CONTRACT

23. Plaintiff City incorporates and re-alleges its allegations in the preceding paragraphs as if fully restated herein

4

24. The Act 198 Agreement is a valid and enforceable contract between Wacker Neuson and the City.

25. Plaintiff City fully performed at all material times its obligations under the Act 198 Agreement.

26. Plaintiff City entered into the Act 198 Agreement with Defendant Wacker Corporation in reliance on Defendant's application and representations of its commitments to the City.

27. Defendant Wacker Corporation's representations as applicant for the issuance and approval of an IFEC were material.

28. Defendant Wacker Corporation's representations in its Act 198 Agreement served as material consideration in support of the Act 198 agreement.

29. Defendant Wacker Corporation materially breached its commitments under the Act 198 Agreement.

30. Plaintiff City was damaged as a result of Defendant Wacker Corporation's breaches.

31. As a result of Defendant Wacker Corporation's breaches, Plaintiff City has been damaged, and will continue to suffer damages into the future.

32. Pursuant to the Act 198 Agreement terms and conditions, and Defendant Wacker Corporation's breaches thereof, Defendant Wacker Corporation is liable to Plaintiff City in an amount equal to the ad valorem property taxes that Defendant Wacker Corporation would have paid over the years covered by the IFEC had it not had the benefit of the IFEC for those years, MCL 207.571(2), or $951,346.94, whichever is greater, plus all applicable statutory interest, fees, and costs. **(Exhibit 3- Invoice Document)**

WHEREFORE, Defendant/Counter-Plaintiff, City of Norton Shores, requests that this Honorable Court enter judgment in its favor and against Plaintiff/Counter-Defendant, Wacker Neuson Production Americas, LLC, in an amount not less than $951,346.94, plus all applicable statutory interest, fees, and costs, and any other relief, in equity or under law, to which the City of Norton Shores is deemed to be entitled.

### COUNT II – VIOLATION OF ACT 198 OF 1974

33. Plaintiff City incorporates and re-alleges its allegations in the preceding paragraphs as if fully stated herein.

34. Defendant Wacker Corporation applied for the IFEC to receive tax abatements and related benefits for its industrial facility with Plaintiff City and the State of Michigan Tax Commission, pursuant to Act 198 of 1974, as amended, MCL 207.551 et seq; MCL 207.555-557.

35. Upon Defendant Wacker Corporation's representations and commitments set forth in its application and its Act 198 Agreement with Plaintiff City, Defendant Wacker Corporation was issued an IFEC, initially IFEC 2008. MCL 207.553; 554; 558.

36. That upon Defendant Wacker Corporation's representations and in consideration of its stated commitments to Plaintiff City, the IFEC approved by Plaintiff City was for the longest duration permitted by statute, giving Defendant Wacker Corporation the maximum permissible economic benefit in the Act 198 Agreement with Plaintiff City. MCL 207.566.

37. At all relevant times, the IFEC issued to Defendant Wacker Corporation, by which it had materially benefitted financially from the date of its issuance to the date of Defendant's facility closing and relocation, remained in effect, unless revoked, for the period stated in the IFEC. MCL 207.569(b).

38. The IFEC issued to Defendant Wacker Corporation was not revoked.

39. Defendant Wacker Corporation closed its facility and relocated its operations outside of Plaintiff City's jurisdiction, in breach of its contractual and statutory obligations.

40. As a direct and proximate cause of its breaches of duty under contract and under statute, Defendant Wacker Corporation is obligated to Plaintiff City of Norton Shores for an amount equal to the ad valorem property taxes that Defendant Wacker Corporation would have paid over the years covered by the IFEC had it not had the benefit of the IFEC for those years, MCL 207.571(2), or $951,346.94, whichever is greater, plus all applicable statutory interest, fees, and costs to which Plaintiff City is found entitled.

WHEREFORE, Defendant/Counter-Plaintiff, City of Norton Shores, requests that this Honorable Court enter judgment in its favor and against Plaintiff/Counter-Defendant, Wacker Neuson Production Americas, LLC, in an amount not less than $951,346.94, plus all applicable statutory interest, fees, and costs, and any other relief, in equity or under law, to which the City of Norton Shores is deemed to be entitled.

### COUNT III – PROMISSORY ESTOPPEL

41. Plaintiff City incorporates and realleges its allegations in the preceding paragraphs as if more fully stated herein.

42. At all material times Defendant Wacker Corporation made specific, clear, and definite representations and commitments to Plaintiff City to induce Plaintiff City to approve Defendant Wacker Corporation's application for an IFEC.

43. Defendant Wacker Corporation's promises and representations included, but were not limited to, its commitment to remain in the Plaintiff City's jurisdiction for the time period applied for and granted in the IFEC.

44. In reliance on Defendant Wacker Corporation's promises and representations, express or implied, Plaintiff City approved the IFEC in favor of Defendant Wacker Corporation for the maximum

duration permissible under statute.

45. Defendant Wacker Corporation benefitted for years as a result of the IFEC approved by Plaintiff City and issued by the State of Michigan Tax Commission.

46. Plaintiff City acted and performed entirely as expected, and to its significant detriment, as a result of and reliance on Defendant Wacker Corporation's representations and promises.

47. Plaintiff City has been damaged as a direct and proximate result of Defendant Wacker Corporation's failed promises and representations.

48. To avoid injustice Plaintiff City is entitled to an order of this Court enforcing Defendant Wacker's promises to Plaintiff City.

49. At all relevant times it was reasonably foreseeable to Defendant Wacker that its failure or refusal to perform in accordance with its promises, representations, and commitments, would result in Plaintiff City's damages.

50. In order to avoid injustice, Defendant Wacker Corporation should be found obligated to Plaintiff City in an amount equal to the ad valorem property taxes that Defendant Wacker Corporation would have paid over the years covered by the IFEC had it not had the benefit of the IFEC for those years, MCL 207.571(2), or $951,346.94, whichever is greater, plus all applicable statutory interest, fees, and costs to which Plaintiff City is found entitled.

WHEREFORE, Defendant/Counter-Plaintiff, City of Norton Shores, requests that this Honorable Court enter judgment in its favor and against Plaintiff/Counter-Defendant, Wacker Neuson Production Americas, LLC, in an amount not less than $951,346.94, plus all applicable statutory interest, fees, and costs, and any other relief, in equity or under law, to which the City of Norton Shores is deemed to be entitled.

### COUNT IV – UNJUST ENRICHMENT

51. Plaintiff City incorporates and realleges its allegations in the preceding paragraphs as if

more fully stated herein.

52.     Defendant Wacker Corporation received substantial benefits as a result of the initial issuance and approval by Plaintiff City and the State of Michigan Tax Commission of the IFEC 20008.

53.     It would be unjust and inequitable to permit Defendant Wacker Corporation to retain the significant economic benefits it derived on its application for, and receipt of, the IFEC during its operation of its industrial facility in Plaintiff City's jurisdiction.

54.     Plaintiff City is entitled to a judgment against Defendant Wacker Corporation equal to the amount of its unjust enrichment, an amount equal to the ad valorem property taxes that Defendant Wacker Corporation would have paid over the years covered by the IFEC had it not had the benefit of the IFEC for those years, MCL 207.571(2), or $951,346.94, whichever is greater, plus all applicable statutory interest, fees, and costs to which Plaintiff City is found entitled.

WHEREFORE, Defendant/Counter-Plaintiff, City of Norton Shores, requests that this Honorable Court enter judgment in its favor and against Plaintiff/Counter-Defendant, Wacker Neuson Production Americas, LLC, in an amount not less than $951,346.94, plus all applicable statutory interest, fees, and costs, and any other relief, in equity or under law, to which the City of Norton Shores is deemed to be entitled.

Respectfully submitted,

Williams Hughes PLLC

Dated: May 8, 2019                By:   /s/ *John M. Karafa*
                                        John M, Karafa (P36007)
                                        120 W. Apple Avenue
                                        Muskegon, MI 49440
                                        (231) 726-4857