UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

---

WACKER NEUSON PRODUCTION
AMERICAS, LLC, a Wisconsin limited
liability company,

        Plaintiff,

v

CITY OF NORTON SHORES, a Michigan
Municipal Corporation,

        Defendant.

Case No. 1:19-cv-00018-JTN-ESC

**HON. JANET T. NEFF**

---

| VARNUM LLP | WILLIAMS HUGHES PLLC |
|---|---|
| Adam J. Brody (P62035) | Douglas M. Hughes (P30958) |
| Jeffrey D. Koelzer (P78602) | Enrika L.F. McGahan (P55860) |
| Attorneys for Plaintiff | John M. Karafa (P36007 |
| 333 Bridge St NW | Attorneys for Plaintiffs |
| PO Box 352 | 120 W. Apple Avenue |
| Grand Rapids, MI 49501-0352 | Muskegon, MI 49440 |
| (616) 336-6000 | (231) 726-4857 |

---

## DEFENDANT CITY OF NORTON SHORES' AFFIRMATIVE DEFENSES

NOW COMES Defendant, City of Norton Shores (the "City"), by and through its counsel, Williams Hughes PLLC, and for its notice of Affirmative ad other potential Defenses to the Complaint of Plaintiff, Wacker Neuson Production Americas, LLC ("Plaintiff Wacker Corporation"), states:

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which legal relief can be granted and/or, except as to damages, there remains no genuine issue as to any material

fact and Defendant is or will be entitled to Judgment as a matter of law. MCR 2.116 (C)(8), (C)(10). In this regard, among other factors to be discovered, Plaintiff's complaint and its attached documents demonstrate the absence of merit to Plaintiff's stated causes of action.

### SECOND DEFENSE
### (Insufficient Evidence -- No Liability)

Defendant denies any and all liability in this case to Plaintiff and denies that the evidence is sufficient to warrant a finding that Defendant owed and/or breached any duty to Plaintiff, whether in contract or otherwise.

### THIRD DEFENSE
### (Good Faith)

At all times relevant to this action, contrary to Plaintiff's actions and claims, Defendant's actions and claims have been in good faith in all material respects, and at all material times, including but not limited to its acts and decisions in approving Plaintiff Wacker Corporation's application for an Industrial Facilities Exemption Certificate ("IFEC"), in reliance on Plaintiff's representations, and in exchange for Plaintiff's promises and commitments.

### FOURTH DEFENSE
### (Absence of Good Faith)

At all times material to this action, Plaintiff Wacker Corporation failed to exercise good faith in the performance of its contractual and statutory duties and responsibilities, by breaching its Act 198 Agreement with the Defendant City by closing its industrial facility's operations in the Plaintiff City's jurisdiction during the effective dates of the IFEC, among other things, rendering Plaintiff Wacker estopped from making any complaint against Defendant City, which performed in accordance with its promises and commitments.

### FIFTH DEFENSE
### (Plaintiff's Failure to Mitigate)

Plaintiff has/had an obligation to mitigate damages, or at least to not present excessive claims, and to the extent the evidence demonstrates Plaintiff's failure in this regard, Defendant will be entitled to judgment in its favor, or alternatively, a reduction or adjustment in damages

commensurate with the degree of Plaintiff's failure to mitigate.

## SIXTH DEFENSE
### (Equitable and/or Promissory Estoppel)

Plaintiff's claims are barred, in whole or in part, based on the doctrine(s) of promissory estoppel and/or equitable estoppel. In this regard, any claim of damages Plaintiff Wacker Corporation would purport to make would be subject to dismissal based on estoppel, arising from Plaintiff Wacker's representations, promises, and commitments to Defendant City, upon which Defendant City detrimentally relied, rendering it unjust for Plaintiff Wacker to make any claim against Defendant City, let alone attempt to prevail on any such claim.

## SEVENTH DEFENSE
### (Unjust Enrichment)

Plaintiff seeks by its complaint to be unjustly enriched at Defendant's expense, and to this extent Plaintiff's claims are estopped, barred and/or limited pursuant to principles of equity.

## EIGHTH DEFENSE
### (Commercially Unreasonable Conduct)

Plaintiff's claims are barred and/or limited by evidence of its commercially unreasonable conduct in the performance of its obligations, or its failure to perform its obligations.

## NINTH DEFENSE
### (Excessive Claims/Fraud/Mistake)

Plaintiff's claims are barred or limited to the extent found to be excessive in fact and/or as a matter of law, or the result of innocent or intentional misrepresentations, upon which Defendant City relied to its detriment, or from other causes.

## TENTH DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, estopped, and/or limited in equity pursuant to the doctrine of Unclean Hands; further in this regard, Plaintiff's purported damages arose from Plaintiff's own conduct and/or the conduct of its agents for which it is accountable,

WHEREFORE, Defendant/Counter-Plaintiff, City of Norton Shores, requests that this Honorable Court enter judgment in its favor and against Plaintiff/Counter-Defendant, Wacker Neuson Production Americas, LLC, in an amount not less than $951,346.94, plus all applicable statutory interest, fees, and costs, and any other relief, in equity or under law, to which the City of Norton Shores is deemed to be entitled.

Respectfully submitted,

Williams Hughes PLLC

Dated: May 8, 2019

By: /s/ *John M. Karafa*
John M, Karafa (P36007)
120 W. Apple Avenue
Muskegon, MI 49440
(231) 726-4857