UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

---

WACKER NEUSON PRODUCTION AMERICAS, LLC, a Wisconsin limited liability company,

        Plaintiff,

v

CITY OF NORTON SHORES, a Michigan Municipal Corporation,

        Defendant.

Case No. 1:19-cv-00018-JTN-ESC

**HON. JANET T. NEFF**

---

| | |
|---|---|
| VARNUM LLP | WILLIAMS HUGHES PLLC |
| Adam J. Brody (P62035) | Douglas M. Hughes (P30958) |
| Jeffrey D. Koelzer (P78602) | Enrika L.F. McGahan (P55860) |
| Attorneys for Plaintiff | John M. Karafa (P36007 |
| 333 Bridge St NW | Attorneys for Plaintiffs |
| PO Box 352 | 120 W. Apple Avenue |
| Grand Rapids, MI 49501-0352 | Muskegon, MI 49440 |
| (616) 336-6000 | (231) 726-4857 |

## DEFENDANT CITY OF NORTON SHORES' RULE 26(a) INITIAL DISCLOSURES

    Now comes Defendant, City of Norton Shores, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, makes the following Initial Disclosures. Defendant reserves the right to supplement, revise or withdraw all of these disclosures as the case progresses as such a course of action may be permitted or required in accordance with Rule 26(e).

### DISCLOSURES

1. **RULE 26(a)1(i)**

   **Defendant Norton Shores identifies the following individuals who are likely to have discoverable information, and the subjects of that information, Defendant may use in support of its claims and/or defenses in this action**:

a.  Mark Meyers
    Administrator, City of Norton Shores
    4814 Henry Street
    Muskegon, MI 49441
    (231) 798-4391
    MarkM@NortonShores.org
    c/o Defense Counsel:

    Mr. Meyers may present evidence regarding the city's operations, its industrial development districts, the origins of its corporate relationship with Wacker Neuson Production Americas, LLC, particularly with regard to Wacker Neuson's interest in developing industrial property within the City of Norton Shores' jurisdiction and its application for an Industrial Facilities Exemption Certificate ("IFEC") pursuant to Act 198 of 1974; the State of Michigan Tax Commission's authorization of Wacker Neuson's application; the City of Norton Shores' approval of Wacker Neuson's application; the Act 198 Agreement entered into between the City of Norton Shores and Wacker Neuson governing the terms of the authorizations and approvals granted to Wacker Neuson for an IFEC on its industrial facility; and the amount of Wacker Neuson's property taxes owed based on amounts abated under the Act 198 Agreement between the parties, breached by Plaintiff Wacker Neuson by its relocation of its industrial operations outside of Norton Shores' jurisdiction; City of Norton Shores' invoicing of Wacker Neuson on amounts owed to Norton Shores under the Act 198 Agreement and statutory provisions under Act 198 governing same, and Wacker Neuson's failure and refusal to pay on its obligations.

b.  Mike Huston
    Finance Director, City of Norton Shores
    4814 Henry Street
    Muskegon, MI 49441
    (231) 798-4391
    mike@nortonshores.org
    c/o Defense Counsel:

    Mr. Huston is the finance director for the City of Norton Shores, and he may present evidence regarding the city's operations, its industrial development districts, the origins of its corporate relationship with Wacker Neuson Production Americas, LLC, particularly with regard to Wacker Neuson's interest in developing industrial property within the City of Norton Shores' jurisdiction and its application for an Industrial Facilities Exemption Certificate ("IFEC") pursuant to Act 198 of 1974; the State of Michigan Tax Commission's authorization of Wacker Neuson's application; the City of Norton Shores' approval of Wacker Neuson's application; the Act 198 Agreement entered into between the City of Norton Shores and Wacker Neuson governing the terms of the authorizations and approvals granted to Wacker Neuson for an IFEC on its industrial facility; and the amount of Wacker Neuson's property taxes owed based on amounts abated under the Act 198 Agreement between the parties, breached by Plaintiff

Wacker Neuson by its relocation of its industrial operations outside of Norton Shores' jurisdiction; City of Norton Shores' invoicing of Wacker Neuson on amounts owed to Norton Shores under the Act 198 Agreement and statutory provisions under Act 198 governing same, and Wacker Neuson's failure and refusal to pay on its obligations.

c. Shelly Stibitz
Clerk, City of Norton Shores
4814 Henry Street
Muskegon, MI 49441
(231) 798-4391
c/o Defense Counsel:

Ms. Stibitz is the City of Norton Shores Clerk, who attends city council meetings, prepares and certifies minutes of the meetings, and maintains business records for and on behalf of the City of Norton Shores. Ms. Stibitz, as may be necessary, may be called upon to lay the foundation for admission of documents in the form or business records in the custody and control of the City of Norton Shores.

d. Gary Nelund
Mayor, City of Norton Shores
4814 Henry Street
Muskegon, MI 49441
(231) 798-4391
c/o Defense Counsel:

Mr. Nelund is the Mayor for the City of Norton Shores, and he may present evidence regarding the city's operations, its industrial development districts, the origins of its corporate relationship with Wacker Neuson Production Americas, LLC, particularly with regard to Wacker Neuson's interest in developing industrial property within the City of Norton Shores' jurisdiction and its application for an Industrial Facilities Exemption Certificate ("IFEC") pursuant to Act 198 of 1974; the State of Michigan Tax Commission's authorization of Wacker Neuson's application; the City of Norton Shores' approval of Wacker Neuson's application; the Act 198 Agreement entered into between the City of Norton Shores and Wacker Neuson governing the terms of the authorizations and approvals granted to Wacker Neuson for an IFEC on its industrial facility; and the amount of Wacker Neuson's property taxes owed based on amounts abated under the Act 198 Agreement between the parties, breached by Plaintiff Wacker Neuson by its relocation of its industrial operations outside of Norton Shores' jurisdiction; City of Norton Shores' invoicing of Wacker Neuson on amounts owed to Norton Shores under the Act 198 Agreement and statutory provisions under Act 198 governing same, and Wacker Neuson's failure and refusal to pay on its obligations.

e. All past and present City of Norton Shores' Council Members participating in any and all council meetings, meetings, and/or negotiations relating to the city's operations, its industrial development districts, the origins of its corporate

3

relationship with Wacker Neuson Production Americas, LLC, particularly with regard to Wacker Neuson's interest in developing industrial property within the City of Norton Shores' jurisdiction and its application for an Industrial Facilities Exemption Certificate ("IFEC") pursuant to Act 198 of 1974; the State of Michigan Tax Commission's authorization of Wacker Neuson's application; the City of Norton Shores' approval of Wacker Neuson's application; the Act 198 Agreement entered into between the City of Norton Shores and Wacker Neuson governing the terms of the authorizations and approvals granted to Wacker Neuson for an IFEC on its industrial facility; and the amount of Wacker Neuson's property taxes owed based on amounts abated under the Act 198 Agreement between the parties, breached by Plaintiff Wacker Neuson by its relocation of its industrial operations outside of Norton Shores' jurisdiction; City of Norton Shores' invoicing of Wacker Neuson on amounts owed to Norton Shores under the Act 198 Agreement and statutory provisions under Act 198 governing same, and Wacker Neuson's failure and refusal to pay on its obligations.

f.  Cathy Brubaker-Clarke
    Past or present Business Development Specialist
    Muskegon Area First
    380 W. Western
    Suite 202
    Muskegon, MI 49440
    (231) 724-3172

    Ms. Brubaker-Clarke and others met with Wacker Neuson Production Americas, LLC's, representatives and agents, Leslie Gunia and Darryl Warwick on or about Wednesday, October 25, 2017, in review and discussion of Wacker Neuson's reported successes in product development, market expansion, revenue, training needs, grant funding, continued area involvement, facility expansions, among other things.  Ms. Bruebaker-Clarke memorialized the meeting briefly in an email dated October 26, 2017, at 10:50 a.m., to Leslie Gunia.

g.  Darryl Todd
    Past or present Director
    Muskegon Area First
    380 W. Western
    Suite 202
    Muskegon, MI 49440
    (231) 724-3172

    Mr. Todd participated in the retention visit along with Ms. Brubaker-Clarke and others, with Wacker Neuson Production Americas, LLC's, representatives and agents, Leslie Gunia and Darryl Warwick on or about Wednesday, October 25, 2017, in review and discussion of Wacker Neuson's reported successes in product development, market expansion, revenue, training needs, grant funding, continued area involvement, facility expansions, among other things.  The meeting was memorialized by Ms. Bruebaker-Clarke in an email dated October

4

26, 2017, at 10:50 a.m., to Leslie Gunia.

h. William Kratz
   Past or present Agent
   Muskegon Area First
   380 W. Western
   Suite 202
   Muskegon, MI 49440
   (231) 724-3172

   Mr. Kratz participated in the retention visit along with Ms. Brubaker-Clarke and others, with Wacker Neuson Production Americas, LLC's, representatives and agents, Leslie Gunia and Darryl Warwick on or about Wednesday, October 25, 2017, in review and discussion of Wacker Neuson's reported successes in product development, market expansion, revenue, training needs, grant funding, continued area involvement, facility expansions, among other things. The meeting was memorialized by Ms. Bruebaker-Clarke in an email dated October 26, 2017, at 10:50 a.m., to Leslie Gunia.

i. Leslie Gunia
   Employee/Agent
   Title Unknown
   Wacker Neuson Production Americas. LLC
   c/o Plaintiff's Counsel:

   Leslie Gunia participated in a retention visit along with Ms. Brubaker-Clarke and others, on or about Wednesday, October 25, 2017, in review and discussion of Wacker Neuson's reported successes in product development, market expansion, revenue, training needs, grant funding, continued area involvement, facility expansions, among other things. The meeting was memorialized by Ms. Bruebaker-Clarke in an email dated October 26, 2017, at 10:50 a.m., to Leslie Gunia.

j. Darryl Warwick
   Employee/Agent
   Title Unknown
   Wacker Neuson Production Americas. LLC
   c/o Plaintiff's Counsel:

   Darryl Warwick participated in a retention visit along with Ms. Brubaker-Clarke and others, on or about Wednesday, October 25, 2017, in review and discussion of Wacker Neuson's reported successes in product development, market expansion, revenue, training needs, grant funding, continued area involvement, facility expansions, among other things. The meeting was memorialized by Ms. Bruebaker-Clarke in an email dated October 26, 2017, at 10:50 a.m., to Leslie Gunia.

k. All custodians of records of business entities disclosed in discovery, for foundational evidence in admitting documents and related evidence, where self-authentication may not be applicable, including the City of Norton Shores and the State of Michigan and its agencies, divisions, departments, and commissions.

l. Defendant, City of Norton Shores reserves the right to supplement and/or amend this disclosure during the course of discovery throughout this litigation.

**2.  RULE 26(a)1(A)(ii)**

**Defendant Norton Shores discloses the following presently known documents in its possession or under its control, electronically stored information, and tangible things that the Defendant may use to support its claims and/or defenses in this action:**

a. All documents relating to Plaintiff Wacker Neuson's applications for tax abatements pursuant to Public Act 198 of 1974, more particularly Industrial Facilities Exemption Certificates ("IFEC"), all documents relating to the parties' entry into their Act 198 Agreement, including the Act 198 Agreement, between Plaintiff Wacker Neuson Production Americas, LLC and Defendant City of Norton Shores.

b. All documents of communications between the parties relating to Plaintiff Wacker Neuson Production Americas, LLC's application(s) for tax abatements under Act 198 of 1974, the State of Michigan's and the City of Norton Shores' approval of Plaintiff's application(s), and the parties' execution of their Act 198 Agreement.

c. Any and all documents identified as exhibits and/or attachments to all pleadings filed in this action, and those documents attached as exhibits or referenced as attachments in all discovery documents served pursuant to Subchapter 2.300 of the Michigan Rules of Court, MCR 2.301 et seq., and/or Title V of the Federal Civil Judicial Procedures and Rules, F. Civ. R. P. 26 et seq. during the course of discovery in this action, including depositions, responses to interrogatories, responses to requests for production of documents, responses to requests for admissions, and responses to subpoenas.

d. All non-privileged Minutes and agenda items of City of Norton Shores Council Public Meetings relevant to this action, all documents related to the Plaintiff's application(s) for tax abatements under Act 198 of 1974, the City of Norton Shores' approval of Plaintiff's application(s), and the parties' execution of their Act 198 Agreement.

e. All documents relating to City of Norton Shores damages claims, including all invoices sent to Plaintiff Wacker Neuson, including the City's Invoice #253012 dated September 9, 2018 and all corresponding tax assessments, City's Amended Invoice #253015 dated August 23, 2018, City Administrator Mark Meyers' correspondence dated November 7, 2018, and all corresponding tax

6

assessments; the City of Norton Shores' Council's Resolution following a public hearing on or about December 18, 2018 and a rescheduled meeting of the City Council of Norton Shores on or about January 2, 2019, acknowledging, among other things, the procedural history of notice by Plaintiff Wacker Neuson Production Americas LLC's intent to relocate its industrial facility operations to the State of Wisconsin, its breach of the state law provisions and agreements between the parties governing Wacker Neuson's tax abatements for its industrial facility, and the City's determination of tax abatement benefits to Wacker Neuson under the state law provisions and agreement with the City of Norton Shores in the amount of $951,346.94.

f. All Industrial Facilities Tax Exemption Certificates granted to applicant Wacker Neuson Production Americas, LLC, issued by the State of Michigan Tax Commission and approved by the City of Norton Shores, commencing on or about May 12, 2008, forward, including Certificates 2008-038, 2010-027, 2011-039, 2010-194, 2012-052, 2013-005.

g. Defendant City of Norton Shores reserves the right to supplement, amend this disclosure during the course of discovery throughout this litigation.

3. **RULE 26(a)1(A)(iii)**

   **A computation of each category of damages claimed by the disclosing party- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered**:

   Defendant Norton Shores' damages claims are based on the property taxes which Plaintiff Wacker Neuson Production Americas, LLC would have been obligated to pay had Plaintiff not entered into its Act 198 Agreement with the City of Norton Shores after having had its application authorized and approved by the State of Michigan and the City of Norton Shores for an Industrial Facilities Exemption Certificate ("IFEC"). Plaintiff Wacker Neuson Production Americas LLC is now obligated to Defendant City of Norton Shores for all previously exempt tax obligations as a consequence of its breach of its Act 198 Agreement it entered into with the City of Norton Shores, in an amount not less than $951,346.94, plus all statutory interest, fees, and costs, to which Defendant City will be found entitled upon its claims. Defendant City's computation of its damages claims is predicated on property tax computations, all of which have been previously disclosed to Plaintiff Wacker Neuson Production Americas, LLC, along with invoices for the amounts owed.

4. **RULE 26(a)1(A)(iv)**

   **Defendant City of Norton Shores discloses for inspection and copying as under Rule 34, any insurance agreement under which an insurance**

**business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment**:

**Response:**  The City of Norton Shores believes, in the context of this action, that its insurance agreements and arrangements are not applicable. However, in the spirit of disclosure, the City of Norton Shores is insured for and against certain risks and claims by the Michigan Property and Liability Pool. Any interest in further production of this information should be directed to counsel for Defendant, City of Norton Shores.

WILLIAMS HUGHES PLLC

Dated:  May 15, 2019

 /s/ John M. Karafa
John M. Karafa (P36007)
Attorney for Def. City of Norton Shores
120 W. Apple Avenue
Muskegon, MI 49440
(231) 726-4857
johnkarafa@williamshugheslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF and served upon all counsel or parties of record via Electronic Notice on May 15, 2019.

 /s/ John M. Karafa
John M. Karafa, Williams Hughes PLLC