UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WACKER NEUSON PRODUCTION
AMERICAS, LLC,

               Plaintiff/Counter-Defendant,

v

CITY OF NORTON SHORES,

               Defendant/Counter-Plaintiff.

Case No. 1:19-cv-00018-JTN-ESC

Hon.  Janet T. Neff

| | |
|---|---|
| VARNUM LLP | WILLIAMS HUGHES PLLC |
| Adam J. Brody  (P62035) | Douglas M. Hughes (P30958) |
| Jeffrey D. Koelzer (P78602) | Enrika L.F. McGahan (P55860) |
| Attorneys for Plaintiff/Counter-Defendant | John M. Karafa (P36007) |
| 333 Bridge St NW | Attorneys for Defendant/Counter-Plaintiff |
| PO Box 352 | 120 W. Apple Avenue |
| Grand Rapids, MI 49501-0352 | Muskegon, MI 49440 |
| (616) 336-6000 | (231) 726-4857 |
| ajbrody@varnumlaw.com | doughughes@williamshugheslaw.com |
| jdkoelzer@varnumlaw.com | johnkarafa@williamshugheslaw.com |

## PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES

Plaintiff/Counter-Defendant, Wacker Neuson Production Americas, LLC ("Wacker Neuson"), by and through its attorneys, VARNUM LLP, answers Defendant/Counter-Plaintiff's Counterclaim as follows:

## JURISDICTIONAL ALLEGATIONS

1.    Defendant/Counter-Plaintiff, City of Norton Shores (hereafter "Plaintiff City"), is a Michigan municipal corporation with its offices located at 4814 Henry Street, Norton Shores, Michigan 49441.

**ANSWER:**    **Admitted, upon information and belief.**

2.      Plaintiff/Counter-Defendant, Wacker Neuson Production Americas, LLC is a Wisconsin limited liability company, with a principal business location at N92 W15000 Anthony Avenue, Menomonee Falls, Wisconsin 53051 (hereafter *"Defendant Wacker Corporation").*

**ANSWER:    Admitted.**

3.      The amount in controversy exceeds $75,000.

**ANSWER:    Admitted.**

4.      Jurisdiction is proper in this Court pursuant 28 U.S.C. § 1332 (a)(1), (c)(1), as the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

**ANSWER:    Admitted.**

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**ANSWER:    Admitted.**

## GENERAL ALLEGATIONS

6.      Plaintiff City incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

**ANSWER:    Wacker Neuson restates and incorporates its answers to the allegations contained in all preceding paragraphs as if fully set forth herein.**

7.      In or about 2007, Defendant Wacker Corporation applied for an Industrial Facilities Exemption Certificate for the development of industrial property within Plaintiff City's jurisdiction.

**ANSWER:    Admitted.**

8.      Defendant Wacker Corporation's development involved, among other things, the

construction and operation of a manufacturing and warehouse industrial facility at 1300 E. Mt.

Garfield Road, within the Plaintiff City's Plant Rehabilitation or Industrial Development District.

**ANSWER:    Admitted.**

9.    Defendant Wacker Corporation's application for an Industrial Facilities

Exemption Certificate was made pursuant to Act 198 of 1974 ("Act 198").

**ANSWER:    The allegations of this paragraph state a legal conclusion to which no response is required.**

10.    By its application for the issuance of an Industrial Facilities Exemption

Certificate, Defendant Wacker Corporation sought the financial benefit of ad valorem tax

exemptions for its facility and personal property over a statutorily authorized time frame.

**ANSWER:    The allegations of this paragraph state a legal conclusion to which no response is required.  To the degree a response is required, it is admitted only that the terms of the application at issue speak for themselves.**

11.    Pursuant to Act 198, and upon Defendant Wacker Corporation's application and

representations, and upon Plaintiff City's consideration and approval of Defendant's application,

the State of Michigan Tax Commission issued an Industrial Facility Exemption Certificate

(hereafter **"IFEC"),** New Certificate Number 2008-038. **(Exhibit 1- IFEC 2008)**.

**ANSWER:    It is admitted only that the referenced certificate was issued to Wacker Neuson.  To the extent the allegations of this paragraph relate to Norton Shores' consideration of or internal deliberations regarding Wacker Neuson's application, those allegations are neither admitted nor denied, as Wacker Neuson is without sufficient knowledge or information to form a belief as to their truth.**

12.    IFEC 2008 was issued on May 12, 2008 and went into effect for twelve years,

beginning December 31, 2008 and set to conclude on December 30, 2020.

**ANSWER:    Admitted.**

13.    Pursuant to Act 198, IFEC 2008 certified Defendant Wacker Corporation's property at 1300 E. Mt. Garfield Road as a new industrial facility. MCL 207.551, et seq.

**ANSWER:    The allegations of this paragraph state a legal conclusion to which no response is required.**

14.    Pursuant to Act 198, IFEC 2008 authorized the Plaintiff City to exempt Plaintiff Wacker Corporation's industrial facility for which the IFEC was in effect, but not the land on which the facility was located, from ad valorem taxation.

**ANSWER:    The allegations of this paragraph state a legal conclusion to which no response is required.**

15.    IFEC 2008 was issued to be and remain in effect for twelve (12) years for real and personal property, commencing December 31, 2008, unless revoked by order of the State Tax Commission.

**ANSWER:    The allegations of this paragraph state a legal conclusion to which no response is required.  To the degree a response is required, it is admitted only that the terms of the referenced certificate speak for themselves.**

16.    Pursuant to Act 198, in order for Plaintiff Wacker Corporation's application for an IFEC to be approved, a written agreement governing the tax exemptions issued to Plaintiff Wacker Corporation was required between Defendant Wacker Corporation and Plaintiff City. MCL 207.572 (1).

**ANSWER:    The allegations of this paragraph state a legal conclusion to which no response is required.**

17.    Plaintiff City and Defendant Wacker Corporation entered into agreements governing the terms and conditions of the IFEC issued to Defendant Wacker. (**Exhibit 2- "Act 198 Agreement").**

**ANSWER:    Admitted.**

18.    The Act 198 Agreement in part acknowledged that Defendant Wacker Corporation had submitted an application to Plaintiff City for the granting of an IFEC pursuant to Act 198, P.A. 1974, as amended.

**ANSWER:    It is admitted only that the language of the referenced agreement speaks for itself.**

19.    Defendant Wacker Corporation further acknowledged in part in its Act 198 Agreement that it was entering into the Act 198 Agreement to encourage the granting of the IFEC.

**ANSWER:    It is admitted only that the language of the referenced agreement speaks for itself.**

20.    The Act 198 Agreement in part obligated Defendant Wacker Corporation to report to Plaintiff City at specified times regarding the number of jobs created or retained, costs for real and personal property acquisitions, and other data relating to Plaintiff City's approval of an IFEC for Defendant Wacker Corporation. See MCL 207.559.

**ANSWER:    The allegations of this paragraph state a legal conclusion to which no response is required.  To the degree a response is required, Wacker Neuson states that the language of the referenced agreement speaks for itself.**

21.    The Act 198 Agreement further provided, in Paragraph 6, specific remedies to Plaintiff City in the event Defendant Wacker Corporation breached the agreement by failing to

remain within the Plaintiff City's jurisdiction during the time period for which the IFEC was approved, and more particularly:

> *6. The applicant shall remain with the local unit during the period of time for which the abatement has been approved and, if the applicant relocates, substantially reduces employment and/or operations, or closes the facility, the applicant shall pay to the affected taxing units an amount equal to those taxes it would have paid had the abatements not been in effect*

**ANSWER:   It is admitted only that the language of the referenced agreement speaks for itself.   By way of further response, it is denied that Wacker Neuson breached the referenced agreement in any way, and it is further denied that Wacker Neuson is properly considered the "applicant" for purposes of paragraph 6 of the referenced agreement, as the "applicant" became TGW Systems, Inc. ("TGW") upon transfer of the IFT Certificate at issue to TGW.**

22.     In breach of its material commitments under the Act 198 Agreement, Defendant Wacker Corporation closed its manufacturing facility and relocated its facility operations outside Plaintiff City's jurisdiction before expiration of the period of time for which the IFEC had been approved.

**ANSWER:   Denied.**

## COUNT I - BREACH OF CONTRACT

23.     Plaintiff City incorporates and re-alleges its allegations in the preceding paragraphs as if fully restated herein

**ANSWER:   Wacker Neuson restates and incorporates its answers to the allegations contained in all preceding paragraphs as if fully set forth herein.**

24.     The Act 198 Agreement is a valid and enforceable contract between Wacker Neuson and the City.

6

**ANSWER:    Admitted.**

25.    Plaintiff City fully performed at all material times its obligations under the Act 198 Agreement.

**ANSWER:    Denied.**


26.    Plaintiff City entered into the Act 198 Agreement with Defendant Wacker Corporation in reliance on Defendant's application and representations of its commitments to the City.

**ANSWER:    The allegations of this paragraph are neither admitted nor denied, as Wacker Neuson is without sufficient knowledge or information to form a belief as to their truth.**

27.    Defendant Wacker Corporation's representations as applicant for the issuance and approval of an IFEC were material.

**ANSWER:    The allegations of this paragraph state a legal conclusion to which no response is required.**

28.    Defendant Wacker Corporation's representations in its Act 198 Agreement served as material consideration in support of the Act 198 agreement.

**ANSWER:    The allegations of this paragraph state a legal conclusion to which no response is required.**

29.    Defendant Wacker Corporation materially breached its commitments under the Act 198 Agreement.

**ANSWER:    Denied.**

30.    Plaintiff City was damaged as a result of Defendant Wacker Corporation's

7

breaches.

**ANSWER:    Denied.**

31.    As a result of Defendant Wacker Corporation's breaches, Plaintiff City has been damaged, and will continue to suffer damages into the future.

**ANSWER:    Denied.**

32.    Pursuant to the Act 198 Agreement terms and conditions, and Defendant Wacker Corporation's breaches thereof, Defendant Wacker Corporation is liable to Plaintiff City in an amount equal to the ad valorem property taxes that Defendant Wacker Corporation would have paid over the years covered by the IFEC had it not had the benefit of the IFEC for those years, MCL 207.571(2), or $951,346.94, whichever is greater, plus all applicable statutory interest, fees, and costs. **(Exhibit 3- Invoice Document)**

**ANSWER:    Denied.**

WHEREFORE, Wacker Neuson respectfully requests that the Court enter judgment in its favor and against Defendant/Counter-Plaintiff with respect to Defendant/Counter-Plaintiff's Counterclaim, together with any other relief to which the Court believes Wacker Neuson to be entitled.

## COUNT II — VIOLATION OF ACT 198 OF 1974

33.    Plaintiff City incorporates and re-alleges its allegations in the preceding paragraphs as if fully stated herein.

**ANSWER:    Wacker Neuson restates and incorporates its answers to the allegations contained in all preceding paragraphs as if fully set forth herein.**

34.    Defendant Wacker Corporation applied for the IFEC to receive tax abatements and related benefits for its industrial facility with Plaintiff City and the State of Michigan Tax

8

Commission, pursuant to Act 198 of 1974, as amended, MCL 207.551 et seq; MCL 207.555-557.

**ANSWER:   The allegations of this paragraph state a legal conclusion to which no response is required.  To the degree a response is required, it is admitted only that Wacker Neuson submitted the referenced application.**

35.     Upon Defendant Wacker Corporation's representations and commitments set forth in its application and its Act 198 Agreement with Plaintiff City, Defendant Wacker Corporation was issued an IFEC, initially IFEC 2008. MCL 207.553; 554; 558.

**ANSWER:   The allegations of this paragraph state a legal conclusion to which no response is required.  To the degree a response is required, it is admitted only that the referenced certificate was issued to Wacker Neuson.  To the extent the allegations of this paragraph relate to Norton Shores' purported grounds for approving the certificate or entering into the agreement with Wacker Neuson, those allegations are neither admitted nor denied, as Wacker Neuson is without sufficient knowledge or information to form a belief as to their truth.**

36.     That upon Defendant Wacker Corporation's representations and in consideration of its stated commitments to Plaintiff City, the IFEC approved by Plaintiff City was for the longest duration permitted by statute, giving Defendant Wacker Corporation the maximum permissible economic benefit in the Act 198 Agreement with Plaintiff City. MCL 207.566.

**ANSWER:   The allegations of this paragraph state a legal conclusion to which no response is required.  To the degree a response is required, it is admitted only that the referenced certificate was issued to Wacker Neuson.  To the extent the allegations of this paragraph relate to Norton Shores' purported grounds for approving the certificate or entering into the agreement with Wacker Neuson, those allegations are neither admitted**

**nor denied, as Wacker Neuson is without sufficient knowledge or information to form a belief as to their truth.**

37.     At all relevant times, the IFEC issued to Defendant Wacker Corporation, by which it had materially benefitted financially from the date of its issuance to the date of Defendant's facility closing and relocation, remained in effect, unless revoked, for the period stated in the IFEC. MCL 207.569(b).

**ANSWER:     The allegations of this paragraph state a legal conclusion to which no response is required.  To the degree a response is required, it is admitted only that both Wacker Neuson and Norton Shores obtained mutual, significant benefits during the years that Wacker Neuson operated in Norton Shores.**

38.     The IFEC issued to Defendant Wacker Corporation was not revoked.

**ANSWER:     Admitted.**

39.     Defendant Wacker Corporation closed its facility and relocated its operations outside of Plaintiff City's jurisdiction, in breach of its contractual and statutory obligations.

**ANSWER:     Denied.**

40.     As a direct and proximate cause of its breaches of duty under contract and under statute, Defendant Wacker Corporation is obligated to Plaintiff City of Norton Shores for an amount equal to the ad valorem property taxes that Defendant Wacker Corporation would have paid over the years covered by the IFEC had it not had the benefit of the IFEC for those years, MCL 207.571(2), or $951,346.94, whichever is greater, plus all applicable statutory interest, fees, and costs to which Plaintiff City is found entitled.

**ANSWER:     Denied.**

WHEREFORE, Wacker Neuson respectfully requests that the Court enter judgment in its

favor and against Defendant/Counter-Plaintiff with respect to Defendant/Counter-Plaintiff's Counterclaim, together with any other relief to which the Court believes Wacker Neuson to be entitled.

## COUNT III — PROMISSORY ESTOPPEL

41.     Plaintiff City incorporates and realleges its allegations in the preceding paragraphs as if more fully stated herein.

**ANSWER:   Wacker Neuson restates and incorporates its answers to the allegations contained in all preceding paragraphs as if fully set forth herein.**

42.     At all material times Defendant Wacker Corporation made specific, clear, and definite representations and commitments to Plaintiff City to induce Plaintiff City to approve Defendant Wacker Corporation's application for an IFEC.

**ANSWER:   Denied.**

43.     Defendant Wacker Corporation's promises and representations included, but were not limited to, its commitment to remain in the Plaintiff City's jurisdiction for the time period applied for and granted in the IFEC.

**ANSWER:   Denied.**

44.     In reliance on Defendant Wacker Corporation's promises and representations, express or implied, Plaintiff City approved the IFEC in favor of Defendant Wacker Corporation for the maximum duration permissible under statute.

**ANSWER:   The allegations of this paragraph are neither admitted nor denied, as Wacker Neuson is without sufficient knowledge or information to form a belief as to their truth.**

45.     Defendant Wacker Corporation benefitted for years as a result of the IFEC

11

approved by Plaintiff City and issued by the State of Michigan Tax Commission.

**ANSWER:    It is admitted only that both Wacker Neuson and Norton Shores obtained mutual, significant benefits during the years that Wacker Neuson operated in Norton Shores.**

46.    Plaintiff City acted and performed entirely as expected, and to its significant detriment, as a result of and reliance on Defendant Wacker Corporation's representations and promises.

**ANSWER:    Denied.**

47.    Plaintiff City has been damaged as a direct and proximate result of Defendant Wacker Corporation's failed promises and representations.

**ANSWER:    Denied.**

48.    To avoid injustice Plaintiff City is entitled to an order of this Court enforcing Defendant Wacker's promises to Plaintiff City.

**ANSWER:    Denied.**

49.    At all relevant times it was reasonably foreseeable to Defendant Wacker that its failure or refusal to perform in accordance with its promises, representations, and commitments, would result in Plaintiff City's damages.

**ANSWER:    Denied.**

50.    In order to avoid injustice, Defendant Wacker Corporation should be found obligated to Plaintiff City in an amount equal to the ad valorem property taxes that Defendant Wacker Corporation would have paid over the years covered by the IFEC had it not had the benefit of the IFEC for those years, MCL 207.571(2), or $951,346.94, whichever is greater, plus all applicable statutory interest, fees, and costs to which Plaintiff City is found entitled.

**ANSWER:    Denied.**

WHEREFORE, Wacker Neuson respectfully requests that the Court enter judgment in its favor and against Defendant/Counter-Plaintiff with respect to Defendant/Counter-Plaintiff's Counterclaim, together with any other relief to which the Court believes Wacker Neuson to be entitled.

## COUNT IV — UNJUST ENRICHMENT

51.    Plaintiff City incorporates and realleges its allegations in the preceding paragraphs as if more fully stated herein.

**ANSWER:    Wacker Neuson restates and incorporates its answers to the allegations contained in all preceding paragraphs as if fully set forth herein.**

52.    Defendant Wacker Corporation received substantial benefits as a result of the initial issuance and approval by Plaintiff City and the State of Michigan Tax Commission of the IFEC 20008.

**ANSWER:    It is admitted only that both Wacker Neuson and Norton Shores obtained mutual, significant benefits during the years that Wacker Neuson operated in Norton Shores.**

53.    It would be unjust and inequitable to permit Defendant Wacker Corporation to retain the significant economic benefits it derived on its application for, and receipt of, the IFEC during its operation of its industrial facility in Plaintiff City's jurisdiction.

**ANSWER:    Denied.**

54.    Plaintiff City is entitled to a judgment against Defendant Wacker Corporation equal to the amount of its unjust enrichment, an amount equal to the ad valorem property taxes that Defendant Wacker Corporation would have paid over the years covered by the IFEC had it

13

not had the benefit of the IFEC for those years, MCL 207.571(2), or $951,346.94, whichever is greater, plus all applicable statutory interest, fees, and costs to which Plaintiff City is found entitled.

**ANSWER:    Denied.**

WHEREFORE, Wacker Neuson respectfully requests that the Court enter judgment in its favor and against Defendant/Counter-Plaintiff with respect to Defendant/Counter-Plaintiff's Counterclaim, together with any other relief to which the Court believes Wacker Neuson to be entitled.

Respectfully submitted,

VARNUM LLP
Attorneys for Plaintiff/Counter-Defendant

Dated:  May 31, 2019                              By:        /s/ *Adam J. Brody*
                                                                          Adam J. Brody (P62035)
                                                                          Jeffrey D. Koelzer (P78602)
                                                                          Bridgewater Place, P.O. Box 352
                                                                          Grand Rapids, MI 49501-0352
                                                                          616/336-6000
                                                                          ajbrody@varnumlaw.com
                                                                          jdkoelzer@varnumlaw.com

### AFFIRMATIVE DEFENSES

Plaintiff/Counter-Defendant states that it may rely on one or more of the following affirmative defenses prior to or at the time of trial:

1.        Defendant/Counter-Plaintiff has failed to state a claim upon which relief can be granted.

2.        Defendant/Counter-Plaintiff's claims for promissory estoppel and unjust enrichment are barred by the existance of an express contract between the parties covering the same subject matter.

3.      To the degree that Defendant/Counter-Plaintiff seek equitable relief, such relief is barred by the doctrine of unclean hands.

4.      Plaintiff/Counter-Defendant reserves the right to add additional affirmative defenses as they become known.

                                                Respectfully submitted,

                                                VARNUM LLP
                                                Attorneys for Plaintiff/Counter-Defendant

Dated:  May 31, 2019                    By:     /s/ *Adam J. Brody*
                                                Adam J. Brody (P62035)
                                                Jeffrey D. Koelzer (P78602)
                                                Bridgewater Place, P.O. Box 352
                                                Grand Rapids, MI 49501-0352
                                                616/336-6000
                                                ajbrody@varnumlaw.com
                                                jdkoelzer@varnumlaw.com

14972616_1.docx