UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WACKER NEUSON PRODUCTION
AMERICAS, LLC,

          Plaintiff/Counter-Defendant,

v

CITY OF NORTON SHORES,

          Defendant/Counter-Plaintiff.

Case No. 1:19-cv-00018-JTN-ESC

Hon. Janet T. Neff

| VARNUM LLP | WILLIAMS HUGHES PLLC |
|---|---|
| Adam J. Brody (P62035) | Douglas M. Hughes (P30958) |
| Jeffrey D. Koelzer (P78602) | Enrika L.F. McGahan (P55860) |
| Attorneys for Plaintiff/Counter-Defendant | John M. Karafa (P36007) |
| 333 Bridge St NW | Attorneys for Defendant/Counter-Plaintiff |
| PO Box 352 | 120 W. Apple Avenue |
| Grand Rapids, MI 49501-0352 | Muskegon, MI 49440 |
| (616) 336-6000 | (231) 726-4857 |
| ajbrody@varnumlaw.com | doughughes@williamshugheslaw.com |
| jdkoelzer@varnumlaw.com | johnkarafa@williamshugheslaw.com |

## **STIPULATED PROTECTIVE ORDER**

The parties, by their respective attorneys of record, hereby stipulate and agree, pursuant to FRCP 26(c), to the entry of a protective order as follows:

1.    Any party who provides information to an opposing party during the course of any discovery or other proceedings in this litigation may designate as "CONFIDENTIAL" any material that it produces, when such party in good faith believes that such material contains trade secrets, non-public information relating to customers of any party, personal information regarding that party or current and former employees of that party, or sensitive commercial,

(b) CONFIDENTIAL MATERIALS specifically designated "CONFIDENTIAL," or an equivalent designation, shall be disclosed, for the purposes set forth above in paragraph 3(a) only to:

(i) the Court and its officers in accordance with Paragraph 6;

(ii) the parties to this litigation and/or their employees who need access to CONFIDENTIAL MATERIALS for the purposes articulated in paragraph 3(a) above;

(iii) counsel of record in this matter for the parties to this litigation, including their support personnel;

(iv) bona fide independent experts or consultants for a party, including their support personnel, whose advice and consultation are being or will be used by such party in connection with this litigation, and who have agreed to be bound by this Protective Order;

(v) witnesses, for purposes of discovery or trial, provided that such individuals shall agree to be bound by the terms of this Order and shall not be allowed to retain copies of CONFIDENTIAL MATERIALS, but may inspect them as necessary for purposes of preparation for examination; and

(vi) any other person as to whom the providing party, or said party's legal representative, agrees to in writing.

4. Any person who makes any disclosure of CONFIDENTIAL MATERIALS to any person designated in paragraph 3 shall advise each such person to whom such disclosure is made concerning the terms of this Order and shall make such disclosure subject to agreement to

comply therewith. If a non-party witness (*i.e.* a person who is not a current employee or expert witness of any party) from whom testimony is being taken has been advised of the terms of this Order and refuses to agree to its terms, that witness shall not be provided CONFIDENTIAL MATERIALS by any party, except for review during his or her testimony.

5. All portions of deposition transcripts that relate to any CONFIDENTIAL MATERIALS, or that contain or discuss CONFIDENTIAL MATERIALS, can be designated confidential and therefore subject to this Protective Order, either by counsel so stating during the deposition or by sending a written notice of confidentiality within seven (7) days after receipt of the transcript of the deposition to all counsel of record for the parties to the action. All transcripts shall be considered "CONFIDENTIAL" and subject to this Order until expiration of the 7-day period.

6. Nothing in this Stipulated Protective Order shall be construed to preclude, foreclose, or limit the right of any party to this litigation to use the CONFIDENTIAL MATERIALS as attachments to any documents filed with the Court in this matter or at the trial of this matter. However, if any CONFIDENTIAL MATERIALS are offered as an attachment to a document filed with the Court or any appellate court in this litigation, the filing party shall, on each occasion, unless the Court directs otherwise, file it with the Clerk of the Court in sealed envelopes marked with the caption of the case and the notation: "FILED UNDER SEAL – CONTAINS CONFIDENTIAL INFORMATION – TO BE OPENED ONLY AS DIRECTED BY THE COURT." If any CONFIDENTIAL MATERIALS are to be offered into evidence at trial or a hearing, then the offering party shall so notify the court and all other parties, and the

court will then consider what steps, if any, should be taken to protect the confidential information.

7. Any party may, upon written notice to the other party, request a change in the "CONFIDENTIAL" designation of any materials so designated and may, upon ten (10) days advance written notice to the other party, move the Court for a modification of the designation.

8. The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIALS by any party shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed. Nothing in this Protective Order shall require disclosure of material that counsel for a party or a third party contends is protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

9. The provisions of this Protective Order shall continue in effect with respect to any CONFIDENTIAL MATERIALS until expressly released by the producing party, and such effectiveness shall survive the entry of a final judgment herein. All CONFIDENTIAL MATERIALS, and any copies, reproductions, and summaries thereof, shall be returned and surrendered to the producing party within sixty (60) days after conclusion of this action, including appeals. Alternatively, within sixty (60) days after conclusion of this action, including appeals, counsel for the parties may destroy the CONFIDENTIAL MATERIALS and any copies, reproductions, and summaries made of them and provide a written statement to all counsel affirming that the CONFIDENTIAL MATERIALS and all copies have been destroyed. Counsel shall make all reasonable efforts to retrieve any CONFIDENTIAL MATERIALS from any party or other person to whom such CONFIDENTIAL MATERIALS have been given.

Notwithstanding the foregoing, counsel of record may retain a complete set of documents filed with the Court.

10. Upon execution of this Stipulation by the parties, by and through their attorneys, the terms of the Stipulation and the attached Protective Order shall be binding, regardless of whether the Court enters the Order attached hereto.

11. This Protective Order may be amended by the agreement of counsel for the parties in the form of a stipulation.

Dated: February 12, 2020

**VARNUM LLP**
Attorneys for Plaintiff/Counter-Defendant

By: _____
Adam J. Brody (P62035)
Jeffrey D. Koelzer (P78602)
BUSINESS ADDRESS & TELEPHONE:
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
ajbrody@varnumlaw.com
jdkoelzer@varnumlaw.com

Dated: February 11, 2020

**WILLIAM HUGHES PLLC**
Attorneys for Defendant/Counter-Plaintiff

By: _____
Douglas M. Hughes (P30958)
Enrika L.F. McGahan (P55860)
John M. Karafa (P36007)
BUSINESS ADDRESS & TELEPHONE:
120 W. Apple Avenue
Muskegon, MI 49440
(231) 726-4857
doughughes@williamshugheslaw.com
johnkarafa@williamshugheslaw.com

## ORDER

In light of the foregoing Stipulation of the parties; NOW THEREFORE,

IT IS ORDERED that the above Protective Order is hereby entered and shall govern further proceedings in this case.

Dated: _____

_____
JANET T. NEFF
United States District Judge

6