UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――――――――――――

WACKER NEUSON PRODUCTION
AMERICAS, LLC,

        Plaintiff/Counter-Defendant,

v

CITY OF NORTON SHORES,

        Defendant/Counter-Plaintiff.

Case No. 1:19-cv-00018-JTN-ESC

Hon. Janet T. Neff

| | |
|---|---|
| VARNUM LLP<br>Adam J. Brody  (P62035)<br>Jeffrey D. Koelzer (P78602)<br>Attorneys for Plaintiff/Counter-Defendant<br>333 Bridge St NW<br>PO Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>ajbrody@varnumlaw.com<br>jdkoelzer@varnumlaw.com | WILLIAMS HUGHES PLLC<br>Douglas M. Hughes (P30958)<br>Enrika L.F. McGahan (P55860)<br>John M. Karafa (P36007)<br>Attorneys for Defendant/Counter-Plaintiff<br>120 W. Apple Avenue<br>Muskegon, MI 49440<br>(231) 726-4857<br>doughughes@williamshugheslaw.com<br>johnkarafa@williamshugheslaw.com |

**PLAINTIFF/COUNTER-DEFENDANT WACKER NEUSON PRODUCTION AMERICAS, LLC'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO COUNTERCLAIM**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. LAW AND ARGUMENT ....................................................................................................1

    A. LEGAL STANDARD .....................................................................................................1

    B. THE ANSWER SHOULD BE AMENDED TO REFLECT THE SEPARATE CORPORATE EXISTENCE OF WNPA AND NON-PARTY WACKER CORPORATION. ..................................................................................................................2

    C. WNPA WAS UNAWARE OF THE FACTS REQUIRING AMENDMENT UNTIL THE CITY PRODUCED RELEVANT DOCUMENTS IN THIS CASE. ...........................................3

    D. THE CITY IS NOT PREJUDICED BY AMENDMENT. ........................................................5

III. CONCLUSION ....................................................................................................................5

**INDEX OF AUTHORITIES**

**Cases**

*J.C. Wyckoff & Assocs. v. Standard Fire Ins. Co.*,
    936 F.2d 1474, 1489 (6th Cir. 1991) .............................................................................. 2

*Jackson v. City of Cleveland*,
    925 F.3d 793, 809 (6th Cir. 2019) .................................................................................. 1

**Rules**

FRCP 15(a)(2) ........................................................................................................................ 1

## I. INTRODUCTION

This is a dispute between a manufacturing company, Plaintiff/Counter-Defendant, Wacker Neuson Production Americas, LLC ("WNPA"), and a municipality, Defendant/Counter-Plaintiff, the City of Norton Shores (the "City"). The sole issue is whether WNPA should have to repay certain tax abatements after WNPA's Industrial Facilities Exemption Certificate ("IFEC" or "certificate") was transferred to a new manufacturer that took its place at the facility at 1200 E Mount Garfield Road in the City of Norton Shores, Michigan in 2018. The crux of this case is the proper interpretation of a contract between the parties concerning this certificate.

During the course of discovery, WNPA became aware of information requiring an amendment to its Answer to the Counterclaim regarding the identity of the parties that entered into contracts with the City at various points in time. In order to clarify the record on this issue, WNPA simply seeks to amend its Answer to correctly state which parties entered into contracts with the City at which times, as set out in more detail below.

WNPA raised the issue of the proposed amendment with counsel for the City in person on January 17, 2020, by letter on February 6, by e-mail on February 17, and by phone on February 19. The City has not yet affirmatively agreed to the amendment, so WNPA moves for leave of the Court to file the proposed amended Answer submitted herewith. **Exhibit A**.

## II. LAW AND ARGUMENT

### A. LEGAL STANDARD

Parties may amend their pleadings with leave of the court. FRCP 15(a)(2). "The court should freely give leave when justice so requires." *Id*.; *Jackson v. City of Cleveland*, 925 F.3d 793, 809 (6th Cir. 2019) ("District courts 'should freely give leave' to amend a complaint pre-trial 'when justice so requires.'"). "It is entirely appropriate to allow a party to amend its theories to

1

conform to the evidence, particularly where the evidence is under the control of another party."

*J.C. Wyckoff & Assocs. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1489 (6th Cir. 1991)

### B. THE ANSWER SHOULD BE AMENDED TO REFLECT THE SEPARATE CORPORATE EXISTENCE OF WNPA AND NON-PARTY WACKER CORPORATION.

The only Plaintiff/Counter-Defendant in this case is Wacker Neuson Production Americas, LLC. WNPA is a subsidiary of Wacker Neuson Corporation, which used to be known as Wacker Corporation. Neither Wacker Neuson Corporation nor Wacker Corporation have been named as parties to this case. Wacker Corporation was the original applicant for the certificate at issue. In 2007, Wacker Corporation filled out an application for the certificate and in 2008 it entered into an "Act 198 Agreement" with the City. See Wacker Corporation Act 198 Agreement, **Exhibit B.** The certificate at issue went into effect in December 2008.

WNPA was formed as a subsidiary of Wacker Neuson Corporation in 2010. In January 2011, WNPA applied for transfer of the certificate that at the time was in the name of Wacker Corporation, and the City approved that transfer in March 2011. As part of the transfer process, WNPA entered into a separate Act 198 Agreement with the City, which the parties executed in January and February of 2011. See WNPA Act 198 Agreement, **Exhibit C**. This 2011 WNPA Act 198 Agreement is the contract at issue between the parties in this action.

At the time of filing its Answer, the current leadership at WNPA was not aware that Wacker Corporation was the original contracting party and certificate applicant and that WNPA only became the applicant several years later. Accordingly, WNPA's Answer contains some responses that do not recognize the corporate separateness of WNPA and Wacker Corporation. For example, WNPA originally answered paragraph 7 of the Counterclaim as follows:

> 7. In or about 2007, Defendant Wacker Corporation applied for an Industrial Facilities Exemption Certificate for the development of industrial property within Plaintiff City's jurisdiction.
> **ANSWER:** Admitted.

2

*See* ECF No. 22. To clarify that answer in light of the new information obtained during discovery, WNPA seeks to amend its answer as follows:

> 7. In or about 2007, Defendant Wacker Corporation applied for an Industrial Facilities Exemption Certificate for the development of industrial property within Plaintiff City's jurisdiction.
> **ANSWER: Admitted that the allegations in this paragraph are true with respect to non-party Wacker Corporation. The allegations in this paragraph are not true with respect to WNPA.**

*See* Ex. A. WNPA seeks to changes its responses to several allegations of the Counterclaim in a similar manner.

As just one more example, WNPA originally answered paragraph 24 as follows:

> 24. The Act 198 Agreement is a valid and enforceable contract between Wacker Neuson and the City.
> **ANSWER: Admitted.**

*See* ECF No. 22. WNPA now proposes changing that answer to clarify the legal actions of the entities involved:

> 24. The Act 198 Agreement is a valid and enforceable contract between Wacker Neuson and the City.
> **ANSWER: Admitted that WNPA entered into a valid and enforceable contract with the City. By way of further response, the original Act 198 Agreement was entered into by non-party Wacker Corporation, and not by WNPA.**

*See* Ex. A.

    C.    **WNPA WAS UNAWARE OF THE FACTS REQUIRING AMENDMENT UNTIL THE CITY PRODUCED RELEVANT DOCUMENTS IN THIS CASE.**

For good reason, WNPA was unaware of the particular facts until obtaining additional information during the course of this litigation. The contract between Wacker Corporation and the City was made 13 years ago, and none of the individuals involved in the negotiations or documentation are still working for WNPA. Accordingly, present employees of WNPA

3

involved in this litigation were not aware that Wacker Corporation, not WNPA, was the original contracting party.

Nor did WNPA have access to or awareness of the original contract documents reflecting that it was Wacker Corporation, not WNPA, who was party to the contract from 2008 through 2011. In fact, the first time WNPA viewed the original 2007 and 2008 contract documents between Wacker Corporation and the City was when the City attached them to a motion in September 2019. ECF Nos. 28 and 29.

Part of the confusion stems from the City's use of the defined term "Defendant Wacker Corporation" in the Counterclaim to refer to Plaintiff/Counter-Defendant Wacker Neuson Production Americas, LLC, when there already exists a separate, non-party entity with the name "Wacker Corporation." By using the word "Defendant" attached to the incorrect entity name, the City blurred the distinction between the two separate entities, causing WNPA to answer as it originally did. By filing its amended Answer, WNPA seeks to clarify any confusion regarding the actions of the separate entities.

WNPA has already filed amended responses to the City's Requests for Admissions to reflect the new information. *See* WNPA's Amended Responses to the City's Requests for Admissions, **Exhibit D**. It has also produced several documents evidencing the corporate structure of these entities, including corporate filings, organization charts, and tax returns. Now, WNPA seeks to amend its Answer to bring its pleadings into conformity with the evidence. WNPA raised the issue of the proposed amendment with counsel for the City in person on January 17, 2020, by letter on February 6, by e-mail on February 17, and by phone on February 19. *See* February 6, 2020 letter, **Exhibit E**. The City has not yet affirmatively agreed to the amendment, so WNPA now moves for leave of the Court to file the proposed amended Answer.

4

### D. THE CITY IS NOT PREJUDICED BY AMENDMENT.

The City is not prejudiced by amendment at this stage. First, the City has been in possession of documents evidencing the facts necessitating the amendment all along, as they were the party that produced the documents in this case. The amendment simply brings the pleadings into conformity with the evidence produced by the City.

Second, the only WNPA-related individual with personal knowledge of the facts related to the transfer between Wacker Corporation and WNPA (beyond what is evident from the documentation already produced by each party) is former WNPA employee Lawrence O'Toole. WNPA has provided Mr. O'Toole's information to the City so the City can arrange his deposition, but that deposition has yet to occur or be scheduled. Accordingly, the City has not been deprived of an opportunity to question Mr. O'Toole regarding these issues.

Lastly, the amendment does not alter the City's burden in proving its Counterclaim. Just as before, the City must prove that WNPA breached a contract with the City, and that WNPA is liable for a particular amount of damages. The proposed amendment just clarifies the extent of WNPA's contractual relationship with the City, contrasted with the contractual relationship between Wacker Corporation and the City.

### III. CONCLUSION

For the foregoing reasons, WNPA requests an order granting leave to file the proposed First Amended Answer to Counterclaim submitted herewith.

> VARNUM LLP
>
> Attorneys for Plaintiff/Counter-Defendant

Dated: February 25, 2020      By:   _/s/ Adam J. Brody_____
                                     Adam J. Brody (P62035)
                                     Jeffrey D. Koelzer (P78602)

5

BUSINESS ADDRESS & TELEPHONE:
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
ajbrody@varnumlaw.com
jdkoelzer@varnumlaw.com

16056111_1.docx