UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WACKER NEUSON PRODUCTION AMERICAS, LLC, a Wisconsin limited liability company, | Case No. 1:19-cv-00018-JTN-ESC<br><br>**HON. JANET T. NEFF** |
| Plaintiff/Counter-Defendant, | |
| v | |
| CITY OF NORTON SHORES, a Michigan municipal corporation, | |
| Defendant/Counter-Plaintiff. | |

| | |
|---|---|
| VARNUM LLP<br>Adam J. Brody (P62035)<br>Jeffrey D. Koelzer (P78602)<br>Attorneys for Plaintiff/Counter-Defendant<br>333 Bridge St NW<br>PO Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000 | GRAVIS LAW, PLLC<br>Douglas M. Hughes (P30958)<br>Enrika L.F. McGahan (P55860)<br>John M. Karafa (P36007)<br>Attorneys for Defendant/Counter-Plaintiff<br>120 W. Apple Avenue<br>Muskegon, MI 49440<br>(231) 726-4857 |

**DEFENDANT/COUNTER-PLAINTIFF CITY OF NORTON SHORES' RESPONSE TO PLAINTIFF/COUNTER-DEFENDANT WACKER NEUSON PRODUCTION AMERICAS, LLC'S REQUEST FOR PRE-MOTION CONFERENCE**

1. **State of Michigan Act 198 Property Tax Abatements**

The ability of profit corporations to benefit from property tax abatements, while its corporate neighbors pay, is sanctioned by Act 198 of the Public Acts of 1974 ("**Act 198**"). Pursuant to Act 198 a local government may adopt a resolution to approve the establishment of an Industrial Development District.

Once the district is established, a corporation, such as Wacker, may apply for an Industrial Facilities Exemption Certificate **("IFEC").** The State of Michigan Tax Commission has statutory authority to review and approve the issuance of an IFEC. Under Act 198 an applicant can receive tax abatement benefits under an IFEC for no more than 12 years. If a corporate application for an IFEC is granted, the corporation enjoys exemption, during the life of the IFEC, from real and personal property tax obligations it would otherwise have been required to pay.

Before the Tax Commission will approve a corporation's application and issue an IFEC it must first ascertain that there is an Act 198 Agreement between the corporate applicant and the local governing unit. MCL 207.572(1).

In May 2007 the City of Norton Shores ("City") established an Industrial Development District on Mt. Garfield Road. In November 2007, Wacker Corporation, a global manufacturer of construction equipment, applied for an IFEC to operate its business at Mt. Garfield exempt from real and personal property tax obligations, for the statutory maximum of 12 years.

2. **Wacker's and the City's Act 198 Agreement**

Some local governments in Michigan encourage the development of industrial zones and agreements with profit motivated businesses looking for a location to set up

2

operations, to commit to projected expansion and growth, and to remain for a specified period of time. In exchange, the local government agrees to approve significant property tax abatements, subject to statutory time limits, in favor of the business. While this deprives the local government units of tax receipts during the life of the IFEC, and puts cash in the business's pockets, it also promotes economic growth and employment in the city and paves the way for a long term working relationship.

In furtherance of Wacker's application for an IFEC for a statutory maximum of 12 years of tax abatement benefits, the City and Wacker entered into their Act 198 Agreement in November 2007. It provided in pertinent part:

> "*RE: Act 198 Agreement with the City of Norton Shores*
>
> **Wacker Corp. (The Company) has submitted an application to the City of Norton Shores (City) for the granting of an Industrial Facilities Exemption Certificate** *(IFT) pursuant to Act 198, P.A. 1974, as amended.*
>
> To encourage the granting of the IFT *and in recognition of the investment the City will be making toward the economic growth of the Company and thus the community,* **I hereby agree on behalf of the Company:**
>
> > 5) **The applicant shall remain within the local unit during the period of time for which the abatement has been approved and, if the applicant relocates,** substantially reduces employment and/or operations, **or closes the facility, the applicant shall pay to the affected taxing units an amount equal to those taxes it would have paid had the abatement not been in effect.**
>
> *By the signatures below, representatives of both the Company and City acknowledge their responsibilities towards the successful completion of the project. …* **(emphasis added)**

### 3. Wacker Breached After Receiving Tax Abatement Benefits

Wacker breached the unequivocal terms of its contract with the City by closing its operations and vacating the City well before the IFEC was scheduled to expire in

3

December 2020. In the interim, it benefitted under the IFEC and its Act 198 Agreement by saving (*and depriving the City of*) nearly one million dollars in abated tax obligations.

In this lawsuit Wacker seeks to keep the benefits of its substantial tax savings over the years of operation while disregarding its breach and avoiding its agreement with specifically stated and agreed upon repayment obligations. It claims it should not be liable for its contractual liability to the City because, the contract utilizes the term "company" and "applicant" and Wacker says it cannot be both. From this premise, Wacker strains to claim that the term "applicant", who is committing to remain in the City for 12 years, must be referring to some other, uninvolved, unforeseen party.

Wacker Corporation changed its name to Wacker Neuson Corporation in 2008, which managed Plaintiff Wacker Neuson Production Americas LLC. The LLC claims it is a separate entity under a separate Act 198 Agreement with the City, and cannot be liable for the first years of its parent company's obligations, even though the addresses, employees, business operations, and tax savings, all remained the same.

The City submits it will be entitled to a Rule 56 disposition on its motion for summary judgment. The parties had attempted to schedule some remaining depositions, including a 30(b)(6) witness for Wacker, following its filing of amended responsive pleadings.

GRAVIS LAW

Dated:  August 25, 2020

/s/ John M. Karafa
John M. Karafa (P36007)
Enrika L.F. McGahan (P55860)
Attorney for Def. City of Norton Shores
120 W. Apple Avenue
Muskegon, MI 49440
(231) 726-4857

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF and served upon all counsel or parties of record via Electronic Notice on August 25, 2020.

/s/ John M. Karafa
John M. Karafa, Gravis Law, PLLC