UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WACKER NEUSON PRODUCTION
AMERICAS, LLC,

        Plaintiff/Counter-Defendant,

v

CITY OF NORTON SHORES,

        Defendant/Counter-Plaintiff.

Case No. 1:19-cv-00018-JTN-ESC

Hon. Janet T. Neff

---

| VARNUM LLP | GRAVIS LAW PLLC |
|---|---|
| Adam J. Brody (P62035) | Douglas M. Hughes (P30958) |
| Jeffrey D. Koelzer (P78602) | Enrika L.F. McGahan (P55860) |
| Attorneys for Plaintiff/Counter-Defendant | John M. Karafa (P36007) |
| 333 Bridge St NW | Attorneys for Defendant/Counter-Plaintiff |
| PO Box 352 | 120 W. Apple Avenue |
| Grand Rapids, MI 49501-0352 | Muskegon, MI 49440 |
| (616) 336-6000 | (231) 726-4857 |
| ajbrody@varnumlaw.com | dhughes@gravislaw.com |
| jdkoelzer@varnumlaw.com | jkarafa@gravislaw.com |

## JOINT RESPONSE TO [DOC. 74] ORDER TO SHOW CAUSE

NOW COME the parties, by and through their respective counsel, and state for their Joint Response to this Court's Order to Show Cause [Doc. 74], as follows:

**I.**    **SUMMARY**

The parties request that the Court extend the pre-motion conference deadline in this case, allowing the parties to file motions for summary judgments which may resolve the case in its entirety. The parties believe that there is good cause for extending the deadline, that allowing summary judgment motions would not unreasonably delay or interfere with other proceedings in this case, and that submitting the key legal issues in the case to the Court for Summary Judgment

will likely be an economical use of the Court's resources, because this case hinges on the interpretation of a contract.

## II.   THERE IS GOOD CAUSE FOR EXTENDING THE PRE-MOTION CONFERENCE REQUEST DEADLINE

There is good cause for extending the pre-motion conference request deadline under the circumstances.  When the Court previously agreed to extend the discovery deadline in the case (from October 23, 2019 to December 31, 2019) the parties inadvertently failed to request that the pre-motion conference request deadline also be extended (from December 31, 2019 to a later date) to accommodate potential motions based on facts discovered through the end of the discovery period.

As the Court is aware, a dispute arose over written discovery in September 2019, which necessitated a hearing before Magistrate Judge Carmody in October 2019.  In resolving that dispute, Judge Carmody entered an order extending the deadline for the completion of discovery to December 31 (from October 23), based on the parties' belief that further discovery may resolve the discovery dispute altogether.  However, because summary judgment motions were not specifically discussed at that hearing, neither party requested that the pre-motion conference request deadline of December 31 also be extended, so it remained unchanged.

As it happens, the parties informally agreed to conduct depositions of City of Norton Shores employees on January 17, 2020, shortly beyond the formal discovery deadline of December 31, 2019, in order to best accommodate the witnesses' schedules and ensure that all relevant documents had been produced prior to the depositions.

As a result, because the pre-motion conference request deadline did not adjust when the discovery period was extended, neither party was in a position to file a motion asserting a lack of

genuine issue of material fact. That is, not all potentially relevant facts had been discovered when the December 31, 2019 pre-motion conference request deadline passed.

Then, on February 26, 2020, the parties engaged in facilitative mediation. The parties each believed it was worthwhile to attempt mediation before incurring the cost of preparing and arguing motions for summary judgment. However, the mediation was not successful.

### III. PERMITTING SUMMARY JUDGMENT MOTIONS AT THIS STAGE OF THE PROCEEDINGS PROMOTES JUDICIAL ECONOMY

The parties agree that this case may be resolved in substantial part (and perhaps in its entirety) by summary judgment motion, since the primary issue is the interpretation of a contract, which is a legal issue for the Court to decide. Of course, the parties disagree on the conclusion that the Court should reach. Given that this case could be decided on briefing and oral argument, thereby avoiding the need for trial and other pretrial proceedings, allowing the parties to submit summary judgment motions would be an efficient use of the Court's and the parties' resources.

### IV. EFFECT ON CURRENT CASE SCHEDULE

With respect to the current schedule in the case, the parties believe the September 11, 2020 settlement conference may still proceed as scheduled, although neither party would object to adjourning to a later date, after any summary judgment motions have been decided. Given that the Court's ruling on summary judgment motions may significantly narrow the issues to be decided at trial, the parties would request that the September 25, 2020 deadline for motions in limine be adjourned to a date after any summary judgment motions have been adjudicated. In order to accommodate any such adjustments to the deadline for motions in limine, the parties would request that the November 9, 2020 pretrial conference and December 1, 2020 trial be adjourned to a later date that would permit the Court adequate time to hear and decide any motions in limine.

Dated: September 3, 2020

| | |
|---|---|
| /s/ Jeffrey D. Koelzer | /s/ John M. Karafa |
| VARNUM LLP | GRAVIS LAW PLLC |
| Adam J. Brody  (P62035) | Douglas M. Hughes (P30958) |
| Jeffrey D. Koelzer (P78602) | Enrika L.F. McGahan (P55860) |
| *Attorneys for Plaintiff* | John M. Karafa (P36007) |
| 333 Bridge St NW | *Attorneys for Defendant* |
| PO Box 352 | 120 W. Apple Avenue |
| Grand Rapids, MI 49501-0352 | Muskegon, MI 49440 |
| (616) 336-6000 | (231) 726-4857 |
| ajbrody@varnumlaw.com | dhughes@gravislaw.com |
| jdkoelzer@varnumlaw.com | jkarafa@gravislaw.com |

15780979_1.docx